**W. L. FREELAND** and **HELEN C. FREELAND**, his wife, v. **THE P. P. & R. COMPANY**, a Florida Corporation.

33 So. (2nd) 857                      January Term, 1948
February 13, 1948                    Division A
Rehearing denied March 5, 1948

*W. L. Freeland,* for appellants.

*Walton, Hubbard, Schroeder, Lantaff & Atkins,* for appellee.

TERRELL, J.:

Appellee as complainant filed its bill and amended bill of complaint to quiet title to a parcel of land in Dade County. Both bills alleged that complainant deraigned title to said lands by tax deed dated December 11, 1940, recorded in deed book 2116, page 209, Public Records of Dade County, and that the former title owners were appellants here. A motion to dismiss was overruled, answer was filed and on final hearing the chancellor decreed the complainant to be the owner in fee of the property. This appeal is from the final decree.

The first question presented is whether or not the description of the lands in complaint's tax deed is sufficient to identify and locate them.

The description in the tax deed is as follows: Tract 4, Block 4, Section 5, Township 54 South, Range 40 East, containing 10 acres more or less in the County of Dade, State of Florida.

This court has repeatedly held that "the description of property in a tax deed must be certain in itself, or at least capable of being made certain, by matters referred to in the deed itself as relating to the description, and evidence aliunde not referred to in the deed cannot be used to ascertain the land intended to be conveyed." Schouten et ux v. Hunt, 146 Fla. 323, 200 So. 922 and cases therein cited.

Appellee contends that Section 5 was surveyed and plated as "Section 5," by Richardson-Kellett Land Company on June 4, 1910, and that the plat thereof filed in the Clerk's office of Dade County is sufficient identification of the lands. To call a subdivision "Section 5" is so out of the ordinary and the designation "Section 5" in our rectangular system of land surveys has sucm a different connotation, that without more it would never be taken as the name of a particular subdivision. The material witness testified that without the plat they could not locate the lands. For this reason and the fact that there is nothing in the tax deed description to connect the lands with the plat, we think, under

the case last cited, the description was insufficient and the tax deed was void.

It seems, therefore, that it is unnecessary to discuss the other point in the case.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.